Good morning, Your Honors. Mr. Ma, if you would wait a minute. Good morning, Judge Ravner. Counsel, if you would wait just a minute until the people leave. Counsel, if you would wait just a minute until the people leave. Good morning, Your Honors. Good morning, Judge Ravner over there. Over here. Good morning. Good morning. Your Honors, we are here today to ask the Court to reverse the decision of the Immigration Court and the BIA decision confirming the decision of the Immigration Court. Your Honor, the petition in this case claims that he was mistreated, detained because of his protest of government demolition and relocation of residents and their houses. The lower tribunals denied his application for asylum, withholding of removal, based on their perception that the petitioner's action over there in China does not relate to a political opinion issue. It's not covered for within the grounds of asylum protection. And the BIA relied on this Court's opinion in the Weipeng Chen case, which seems to me almost identical to this one? Your Honor, we have to, as to the political nature of this kind of cases, we have to come back to this Court again and again, asking the Court to reconsider its previous decisions on this issue. We have to consider the special situations in China. Can you please, because I have the very same question, can you please distinguish Weipeng Chen from this case? If you could do that, it would be so helpful. Your Honor, Weipeng Chen happens to be one of our cases. I don't believe we can distinguish the two cases significantly. But we are here to ask the Court to reconsider the issue. And we have to consider this issue, taking into account the situation in China. Because in China, since 1949, the life of the citizens has been controlled by the central government. Everything is centralized. And from what you say in the street to what one does in the bedroom, everything is controlled by the government. In the meantime, the citizen is excluded, excluded from the decision process, from the Under this kind of circumstances, every confrontation between the government and the citizen assumes a political significance. And also in this case, it's not Wow, that would make pretty much any asylum claim coming from a Chinese citizen automatically admissible here. I think this involves a legal as well as a philosophical issue in this kind of cases. And secondly, in this case, not only the petitioner himself going to the front of the government protesting the action against himself, 300 people went to the front of the building protesting and 20 people were arrested. And he was one of them being arrested and mistreated. And also Now, here is the biggest problem for me, Mr. Ma. In your brief, you maintain that cooperative evidence was not reasonably available to him of all of the allegedly terrible things that happened. But given that his wife and his mother provided letters and could have surely included in those letters information that he was physically injured during his detention, but did not. How do we factor all of that in? Your Honor, this leads us to the second issue. That's the court says you have not enough corroborative evidence. Your Honor, we have to understand this happened in 2005. In 2005, when the hearing was not held until 2012, is seven years. If I remember correctly, as a result of the government's relocation efforts, all the protesters were scattered around the area. And also sometimes as to the letters written by his wife and his mother, they mentioned the incident. Sometimes an individual perception of a matter could be peculiarly focused on a certain aspect of the matter. They may say that his detention was the most striking in their mind. And also, I don't know how they perceived the injuries he suffered. But wouldn't you think they would at least mention this? The fact is that they didn't mention the injuries, but they did mention he was mistreated and also his detention as a result of his protest. But the other evidence, because of the span of the time, he explained. If I remember correctly, he tried to collect other evidence to corroborate his claim, but he was not able to do so. And as to why the mother and the wife did not mention the injuries, I don't know. But sometimes the letter writers, they could just miss some important aspects of an event. Well, these letters were prepared for litigation, and they were remarkably similar. I'm sorry, Honor? Over here. The letters were prepared for litigation, and they were remarkably similar. And the agency remarked upon that in evaluating how much weight to give them? I still, I didn't catch it. The point is that if corroboration was needed to bolster your client's testimony about the physical mistreatment, then the letters should have contained that corroboration. Right. Right. And it did not, as Judge Roebner has pointed out. It did not. But I think at the time of the hearing, this issue was addressed, and he was not able to provide other evidence. And also, you know, across the continents, he talked to his wife, to his mother, as to just probably simply just ask them to write a letter to verify what happened. And simply because they did not suffer the injuries themselves. It was not a personal experience to them. They just omitted that part of the fact. Your Honor, as to the matter of evidence, I don't have any more to say. Because simply he explained that other evidence was not available. He could not explain why his wife and his mother did not mention his injuries. That's all I can say. But as to the political opinion issue, I have more to say. And I think what he did in front of the government building touched upon an issue of public concern. That gives his actions political color. Secondly, the reactions of the government to the protest, to his protest, to his fellow citizens' protest, shows that the government imputed a political significance to their action. China is not under the rule of law. I believe in this incident, the police's reaction is detaining him, beating him with batons. That's not actions under the constraint of the rule of law. Where there is no rule of law, any confrontation, again, imputes political significance to the action of the petitioner here, Mike Trout. And we request that this court reconsider this issue and reverse the lower tribunal and to set up a precedent so that in the future they have guidance. My time is over. Your time is up. Thank you, Your Honor. Ms. Cheng? Ms. Cheng, this is Judge Rovner. Hello. Hello. Before you even begin, will you stay as close to the mic as you can without being uncomfortable? Sure. Let me pull it this way. Is this better? Is this better? That's great. If it stays. Is this okay? Very, very good. Okay. Good morning, Your Honors. Thank you. May it please the court, my name is Linda Cheng on behalf of the Attorney General. This court should deny the petition for review as mentioned in a factually similar case also handled by Mr. Ma, Weeping Cheng. This court held that substantial evidence supported the determination that the prior alleged mistreatment for protesting the uncompensated taking of land was not based on political opinion, but rather it was a personal dispute. This court should reach the same conclusion here. Mr. Ma wants us to reconsider that because in China everything is political. Yes. That's the government's position on that. The government disagrees with that. As you mentioned earlier, it would be practically impossible to consider that as the sole fact that this is then a political opinion because it is against the government of China. Right. That would open the asylum door to every applicant. Absolutely. There would be no more rule for denying any application. It just swallows up everything. That would just be impossible. Asylum law is very fact bound, so we need to actually look at each case on its own merits. As he appears to be arguing reconsideration because of country conditions, he doesn't actually point to anything specifically in the record that the agency did not consider. Additionally, he didn't provide any country condition reports in this case either. Let's just for a moment go to issue number two. The immigration judge held that even if he had provided corroborative evidence, the beatings during detention that he alleged failed to rise to the level of persecution. But he testified that he was beaten on each of four days, that he was deprived of adequate food, that he was forced to stand for hours interrogated, and that he couldn't lift his right arm upon his release. Why wouldn't that constitute persecution? How much more would be required? Your Honor, if we look to the board's decision, it actually did not base its determination on that finding by the immigration judge. Rather, it presumed that even given persecution here, he did not show that there was a nexus to a protected ground, specifically political opinion. So his case falls on two dispositive reasons, according to the board, that there was no corroboration and also that there was no nexus to a protected ground. But my question to you is this. If indeed all of that did happen in this case or any other case, why wouldn't that constitute persecution? How much more does the government believe is required? Your Honor, I don't believe we need to go to that point. Well, we need to because I'm asking you. That's why we need to. I'm not clear what else the agency would have required, specifically what else the immigration judge would have required. But here the board accepted that even if there was a finding of persecution, it moved beyond that and looked to whether or not there was a nexus to a protected ground. And since there wasn't, even finding persecution here, he cannot meet his burden of proof. And if Your Honors don't have any further questions, the government would rest on its briefs. Thank you. I don't have any further ones, but I still have that one. Okay. I'm sorry. I could try to answer it better for you. Basically, in this board decision, it made two findings to affirm the immigration judge's decision. One, that there was a lack of corroboration, which is fatal to his claim alone. The second one, we can look to, the board found that even assuming that he had suffered treatment amounting to persecution, giving him that benefit of the doubt, we cannot find a nexus to a protected ground. Of course, I'm talking about, I was talking about the grounds that were provided by the immigration judge. Oh, I'm sorry. The board did not make the same finding with regards to persecution. So you're not defending it? You're not defending the IJ's determination? I'm defending the board's decision as supplemented by the immigration judge's decision. Right. I mean, you're making a procedural point that we can't review the merits of the IJ's decision on the persecution question because the board didn't. That's correct, Your Honor. But Judge Rovner wants you to address that issue anyway because she has a concern about it. Exactly. Is that a fair summary, Judge Rovner? Oh, it is. So maybe you should do that. Okay. Your Honor makes a very good point that he did suffer some harm and mistreatment during his one detention. What would be required to meet a level of persecution, I personally cannot say. It is up to the trier of fact. And based on the record before it, this immigration judge did not find that there was persecution. I'd rather not speculate on what would be required further. Any further? No. Okay, Mr. Yang. Thank you. Mr. Ma, your time has expired, but I'll give you a minute. Okay. Your Honor, it is a stretch of my imagination to say that this is a personal dispute. And it's not a personal dispute. It's the government used the machinery, the machinerist police force to mistreat the petitioner. And they beat him with batons. That's one-sided. That's one-sided force used upon this person. And also, as to the level of persecution, I believe the judge's determination, I mean the immigration judge's determination is wrong. The judge did not find my client not trespassing. He testified in detail what he suffered during his detention. And also, a loss of liberty for four days during which he was beaten. This is serious enough. This is a loss of liberty and also physical injury. That's, of course, persecution. And also, the counsel mentioned the country condition. The practice used to be the government provides the country condition reports. But this judge, he changed the policy. He required the respondent to provide the country condition. Actually, the State Department issue reports every year. And it's a lot of stuff.  Usually, the government provides a copy of those. But this judge, for some reason, he changed the practice. He required us to provide. We could not do it. Thank you. Thanks to both counsel. The case is taken under advisement.